UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>SHAWN MICHAEL BALVA,<br><br>Defendant/Petitioner. | Case No. 2:15-cr-0307-KJD-VCF<br>Related Case: 2:19-cv-1750-KJD<br><br>**ORDER** |

Before the Court is defendant/petitioner Shawn Michael Balva's Motion to Vacate or Set Aside His Sentence under 28 U.S.C § 2255 (ECF No. 40). Balva is currently serving a ninety-six-month total sentence after pleading guilty to two counts of interference with commerce by robbery (Hobbs Act robbery) and one count of brandishing a firearm during the commission of a violent crime under 18 U.S.C. § 924(c)(1)(A)(ii). While Balva received only twelve months and one day for his Hobbs Act robbery conviction, he received an eighty-four-month consecutive sentence under § 924(c). Balva now moves to vacate his § 924(c) sentence under 28 U.S.C. § 2255 and United States v. Davis, 139 S. Ct. 2319 (2019). He argues that his Hobbs Act robbery conviction no longer qualifies as a qualifying crime of violence under § 924(c)'s residual clause and that it never qualified as a crime of violence under § 924(c)'s so-called elements clause. However, the Ninth Circuit has already determined that Hobbs Act robbery is in fact a crime of violence under § 924(c)'s elements clause. Because Hobbs Act robbery is a crime of violence, Balva's § 924(c) conviction is valid, and his petition fails.

**I.   Background**

In the early morning hours of August 25, 2015, Shawn Balva robbed four convenience stores and a Subway sandwich shop at gunpoint. The robberies took less than an hour and all followed the same pattern. Balva would enter the store dressed in a dark jacket and black ski-

mask, point a silver handgun at the clerk, and demand the money. Plea Agreement 4–5, ECF No. 22. In one robbery, Balva also asked whether the store had a safe. When the clerk replied that it did not, Balva took money from the cash register and fled. Id. at 5. Police apprehended Balva that same day during a felony traffic stop. Id. at 6. Police found a silver .38 caliber handgun, $554.00 in cash, and clothing used in the robberies when they searched Balva's vehicle. Id. Police read Balva his Miranda rights, and he subsequently confessed to four of the robberies. Id.

The United States charged Balva with two counts of Hobbs Act robbery and one count of brandishing a firearm during the commission of a crime of violence in April of 2016. Information, ECF No. 20. Balva pleaded guilty to all three counts subject to a plea agreement shortly thereafter. The agreement protected Balva's right to request a sentence under the advisory guideline range, and the government agreed to seek a sentence at the low-end of the range. Id. at 12–13. Ultimately, the Court sentenced Balva to concurrent sentences of twelve months and one day for the Hobbs Act robbery charges and eighty-four months consecutive for the § 924(c) charge. Judgment 2, ECF No. 36. Balva's total sentence is ninety-six months and one day. Id. His proposed release date is in February of 2023.

Balva did not appeal, and his judgment of conviction became final on October 4, 2016, fourteen days after entry of judgment. See Fed. R. App. P. 4(b)(1)(A). Nearly three years later, the United States Supreme Court issued United States v. Davis, which invalidated § 924(c)'s residual clause. 139 S. Ct. 2319 (2019). Davis's holding that § 924(c)'s residual clause was unconstitutionally vague prompted this petition. Though the government has not responded, the Court has adequate information to decide Balva's motion.

**II.    Legal Standard**

A defendant in federal custody may challenge a conviction that "was imposed in violation of the Constitution or laws of the United States" under 28 U.S.C. § 2255(a). However, § 2255 is not intended to give criminal defendants multiple opportunities to challenge their sentences. United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir. 1985). Rather, § 2255 limits relief to cases where a "fundamental defect" in the defendant's proceedings resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974). That

limitation is based on the presumption that a defendant who did not appeal his conviction or whose was conviction upheld on direct appeal has been fairly and legitimately convicted. United States v. Frady, 456 U.S. 152, 164 (1982).

For similar reasons, the United States need not respond to a § 2255 petition until ordered to do so. Rule 4(b) of the Rules Governing § 2255 Petitions requires the Court to promptly review each § 2255 petition. If the Court cannot summarily dismiss the petition, it must order the United States attorney to respond. After reviewing the government's response, the Court must hold an evidentiary hearing unless the record makes clear that the petitioner is not entitled to relief. United States v. Espinoza, 866 F.2d 1067, 1069 (9th Cir. 1988). Alternatively, the Court may dismiss the petition without response or hearing if it is clear from the record that the petitioner does not state a claim for relief or if the claims are frivolous or palpably incredible. United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989) (citing Baumann v. United States, 692 F.2d 565, 570–71 (9th Cir. 1982)).

### III.  Analysis

Balva's petition presents two issues. The threshold issue is whether his petition is timely under § 2255's limitations period. If so, the Court may then assess the merits of the petition, which is whether Hobbs Act robbery qualifies as a crime of violence after Davis. The Court determines that it can resolve Balva's petition without ordering a response or holding an evidentiary hearing. See Espinoza, 866 F.2d at 1069.

*A. Balva's § 2255 Petition is Timely*

Balva's petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). Among other things, AEDPA sought to "eliminate delays in the federal habeas review process." Holland v. Florida, 560 U.S. 631, 648 (2010). To that end, the Act imposed a one-year statute of limitations on habeas petitions that did not previously exist. When the clock starts on a habeas petition is somewhat of a moving target. Title 28 U.S.C. § 2255(f) identifies four triggering events, any of which start the clock on a petitioner' federal habeas claim. Those triggering events are: (1) the date the defendant's judgment became final; (2) the date on which an unconstitutional barrier to filing a habeas petition is removed; (3) the date on which the

Supreme Court recognized a new right and made that right retroactively available to the petitioner; or (4) the date on which the facts supporting the habeas petition could have been discovered through reasonable diligence. 28 U.S.C. § 2255(f)(1)–(4). The failure to timely present a habeas petition results in a time bar unless the petitioner shows that equitable tolling is warranted. Holland, 560 U.S. at 649–50.

Balva's petition depends on § 2255(f)'s third triggering event: that the Supreme Court recognized a new right that affects his sentence and that the right is retroactive. He argues that Davis created a new right for defendants sentenced under § 924(c)'s residual clause and that the right is retroactively available to him. This is not a novel argument. Three years before Davis, the Supreme Court issued Johnson v. United States, 135 S. Ct. 2551 (2015), which invalidated a nearly identical residual clause in the Armed Career Criminal Act (18 U.S.C. § 924(e)(2)(B)(ii)). Shortly thereafter, the Supreme Court determined (1) that Johnson recognized a new right to criminal defendants charged under the ACCA's residual clause and (2) that that right was retroactive to previously sentenced defendants. See Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

Welch recognized that Johnson was retroactive, but no case has explicitly made Davis retroactive. Although the Supreme Court has not explicitly held Davis to be retroactive like it did with Johnson, the Court assumes that Davis indeed applies to defendants previously sentenced under § 924(c)'s residual clause. Generally, a change to the rules of criminal procedure do not apply retroactively to cases that are final before the change is announced. Teague v. Lane, 489 U.S. 288, 310 (1989). However, substantive changes to the criminal law itself do apply retroactively. Schriro v. Summerlin, 542 U.S. 348, 351–52 (2004). A "substantive" change in the law either narrows the scope of a criminal statute based on the statute's terms or places a particular group of people outside the statute's reach to punish. Id. at 352. Similarly, new "watershed" rules of criminal procedure that implicate "the fundamental fairness and accuracy of the criminal proceeding" are also retroactive. Welch, 136 S. Ct. at 1264 (citing Saffle v. Parks, 494 U.S. 484, 495 (1990)).

Like Johnson, Davis applies retroactively because it represents a substantive change to

the criminal law. By finding § 924(c)(1)(A)(ii)'s terms to be unconstitutionally vague, <u>Davis</u> placed any defendant charged under § 924(c)'s residual clause outside the reach of the criminal statute. Therefore, any defendant sentenced under that clause had one year from the time the Supreme Court issued <u>Davis</u> to challenge his conviction. Because Davis was issued June 24, 2019, and Balva filed this motion in October of 2019, his petition fell within AEDPA's one-year limitations period. Therefore, Balva's petition is timely.

### B. *Hobbs Act Robbery is a Crime of Violence*

Though Balva's petition is timely, it fails on the merits because Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s elements clause. Section 924(c)(1)(A)(i) imposes a mandatory minimum sentence of at least five years on any offender who uses or carries a firearm during any crime of violence. The five-year minimum sentence increases to seven years if the defendant brandishes the firearm and ten years if he discharges it. <u>Id.</u> § 924(c)(1)(A)(ii)–(iii). The minimum sentences under § 924(c)(1)(A) must be served consecutive to the sentence for the underlying offense and are not probationable. <u>Id.</u> § 924(c)(1)(D). Thus, a conviction under § 924(c)(1)(A) stacks a lengthy sentence on top of the sentence for any underlying offenses. However, these minimums only kick in if the defendant commits an underlying "crime of violence." <u>Id.</u> § 924(c)(1)(A). If the underlying offense does not qualify as a crime of violence under the statute, the defendant cannot be sentenced to § 924(c)(1)(A)'s mandatory minimums.

Section 924(c)(3) defines "crime of violence" two ways, and the Court may impose the mandatory minimum sentence on a defendant whose underlying offense meets either definition. The first is any crime that "has an element the use, attempted use, or threatened use of physical force against the person or property of another." <u>Id.</u> § 924(c)(3)(A). This has come to be known as § 924(c)'s "elements" clause. The second definition covers any crime "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." <u>Id.</u> § 924(c)(3)(B). This has come to be known as § 924(c)'s "residual clause." <u>Davis</u> struck down the residual clause, finding that the statute depended too much on individual judges' interpretations of the degree of risk posed by "a

crime's imagined 'ordinary case.'" 139 S. Ct. at 2326.

Balva correctly argues that <u>Davis</u> invalidated § 924(c)'s residual clause like <u>Johnson</u> invalidated the ACCA's nearly identical residual clause. If the now-defunct residual clause was the only way the government could prevail on its § 924(c) conviction, this would be a much easier case. However, after <u>Davis</u>, the elements clause remains. If Balva's underlying Hobbs Act robbery conviction qualifies as a crime of violence under the elements clause, his sentence is constitutional, and his petition fails.

The Court applies the categorical approach to determine whether an underlying offense qualifies as a crime of violence. The general purpose of the categorical approach is to restrict the definition of an offender's underlying crime to the statutory elements of that crime. <u>Descamps v. United States</u>, 570 U.S. 254, 263 (2013) ("a focus on the elements, rather than the facts, of a crime" is the "central feature" of the categorical approach). To that end, the Court compares the statutory elements of the defendant's underlying offense to the generic crime. Importantly, the Court evaluates the underlying offense based solely on how the law defines the offense and not how the individual defendant committed the crime. <u>Johnson v. United States</u>, 135 S. Ct. 2551, 2557 (2015). If the statutory elements of the underlying offense are the same or are narrower than the elements of the generic offense, the two crimes are a categorical match, and the crime constitutes a crime of violence. <u>Descamps</u>, 570 U.S. at 257. However, the underlying offense is not a crime of violence if its elements prohibit more conduct than the generic offense. <u>Id.</u> at 261. This is so even if the defendant committed each of the elements of the generic crime. <u>Id.</u>; <u>United States v. Caceres-Olla</u>, 738 F.3d 1051, 1054 (9th Cir. 2013).

Certain crimes, however, are not suitable for the formal categorical approach because their elements encompass multiple generic offenses. See <u>Nijhawan v. Holder</u>, 557 U.S. 29, 35 (2009) (for example, formal categorical approach not suitable for a statute that prohibits a nighttime breaking and entering into a "building, ship, vessel, or vehicle"). These statutes are considered "divisible." A statute is not divisible solely because it is listed in the disjunctive. <u>United States v. Dixon</u>, 805 F.3d 1193, 1198 (9th Cir. 2015). Rather, a disjunctive statute must create "alternative elements" as opposed to merely "alternative means." <u>Id.</u> Alternative elements

are essential to the jury's guilty verdict, but alternative means are not. Id.

If the statute is truly divisible, it will be impossible to tell which of its compound offenses the defendant committed without considering the underlying facts. Descamps, 570 U.S. at 263. But the formal categorical approach expressly prohibits considering the facts of the underlying offense. Taylor v. United States, 495 U.S. 575, 600 (1990). Enter the modified categorical approach, which allows the Court to consult a limited library of documents to determine which of the divisible statute's offenses the defendant committed. Id. at 257. The library may include the indictment, jury instructions, plea agreement, or plea colloquy that sheds light on which of the statute's elements the defendant violated. See United States v. Martinez-Lopez, 864 F.3d 1034, 1043 (9th Cir. 2017). The Court's objective under the modified categorical approach remains the same: to compare the elements of the underlying offense with the elements of the generic crime.

The Ninth Circuit has indicated that completed Hobbs Act robbery is indeed a crime of violence under § 924(c)'s elements clause. United States v. Howard, 650 Fed. Appx. 466, 468 (9th Cir. May 23, 2016) (unpublished). Howard confronted a similar argument to the one Balva presents here, that Hobbs Act robbery is not a crime of violence under the elements clause because it does not necessarily involve "the use, attempted use, or threatened use of physical force." 650 Fed. Appx. at 468. In other words because Hobbs Act robbery could conceivably be accomplished by merely putting someone in fear of injury, it does not meet § 924(c)(3)(A)'s definition. The Ninth Circuit rejected the argument. Comparing Hobbs Act robbery to an analogous federal bank robbery statute, the Court determined that taking property under threat of intimidation satisfies the crime of violence requirement of "threatened use of physical force." Id. As a result, Hobbs Act robbery "by means of fear of injury also qualifies as a crime of violence." Id. (internal quotations omitted).

At least two courts in this district have followed Howard's lead and found that Hobbs Act robbery is a crime of violence using the modified categorical approach. See United States v. Haas, No. 2:10-cr-0499-LRH-GWF, 2019 WL 4859066 (D. Nev. Oct. 1, 2019); United States v. Harrison-Johnson, No. 2:12-cr-0336-JAD-CWH, 2018 WL 3518448 (D. Nev. July 19, 2018).

1 Harrison-Johnson determined, and Haas agreed, that the Hobbs Act is a divisible statute because
2 it "contains disjunctive phrases that essentially create six functionally separate crimes." 2018
3 WL 3518448 at *3. Because the statute is divisible, the Court may apply the modified categorical
4 approach and look to the limited library of documents that shed light on the defendant's
5 underlying conviction.

      The Court need not look further than the plea agreement to determine that Balva's underlying Hobbs Act robbery was a crime of violence. The first element of Hobbs Act robbery is that Balva induced an employee or business to part with property using actual or threatened force, violence, or fear. Plea Agreement at 3 (citing Ninth Cir. Model Jury Inst. 8.142). Balva admitted that he forced several convenience-store clerks to part with cash while he pointed a silver handgun at them. During one of the robberies, Balva told the clerk "this is a real gun with real bullets and I'm not playing." Id. at 5. None of the store clerks would have surrendered their cash without being placed in fear of physical violence. As a result, Balva's underlying Hobbs Act robbery conviction is indeed a crime of violence under § 924(c)'s elements clause, and his conviction and resulting sentence are constitutional.

### C. Certificate of Appealability

      Having denied Balva's petition, the Court turns to whether to grant a certificate of appealability. A certificate of appealability enables a § 2255 petitioner to pursue appellate review of a final order. It is only available where the petitioner has "made a substantial showing" of a constitutional deprivation in his § 2255 petition. 28 U.S.C. § 2253(c)(2); Welch v. United States, 136 S.Ct. 1257, 1263 (2016). A petitioner has made a substantial showing of a constitutional violation if reasonable jurists could disagree whether he has suffered such a deprivation. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

      Balva does not warrant a certificate of appealability. The Ninth Circuit has determined that Hobbs Act robbery indeed qualifies as a crime of violence under § 924(c)'s elements clause. See United States v. Howard, 650 Fed. Appx. 466, 468 (9th Cir. May 23, 2016) (unpublished). Because Davis only invalidated § 924(c)'s residual clause, it does not change the analysis. Alternatively, the Hobbs Act is a divisible statute that is subject to the modified categorical

approach. Reasonable jurists would not disagree that Balva's string of armed robberies qualify as a crime of violence. Therefore, the Court denies a certificate of appealability.

**IV.    Conclusion**

Accordingly, IT IS HEREBY ORDERED that defendant/petitioner Shawn Michael Balva's Motion to Vacate or Set Aside His Sentence under 28 U.S.C § 2255 (ECF No. 40) is **DENIED**.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

The Clerk of Court is directed to ENTER JUDGMENT in favor of the United States.

Dated this 13th day of April, 2020.

_____
Kent J. Dawson
United States District Judge